UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KHADIJAH Z. ABLE,                )
                                 )
        Plaintiff,               )
                                 )
                                 )
                                 )  Case No. _____
                                 )
WASHINGTON METROPOLITAN          )
AREA TRANSIT AUTHORITY           )
        Defendant.               )
                                 )

## COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff Khadijah Z. Able (hereinafter "Plaintiff"), by and through her attorney of record, and files this her *Complaint* for damages against Defendant Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA") and for cause would show unto the Court the following:

### PARTIES

1. Plaintiff is an adult resident citizen of Maryland, residing at 4416 Forest view Avenue, Baltimore, Maryland, 21206.

2. Defendant Washington Metropolitan Area Transit Authority (WMATA) is a non-federal tri-jurisdictional government agency authorized by Congress that operates transits service and is headquartered in Washington, DC at 600 Fifth Street, NW, Washington DC, 20001.

### JURISDICTION AND VENUE

3. This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(3) and 42 U.S.C. Section 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

1

4. Venue is proper in this district, pursuant to 28 U.S.C. Section 1391 because Defendant WMATA is located in the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

5. In May 2012, Plaintiff, an African American woman, began her employment as a bus operator with Defendant WMATA.

6. Since Plaintiff's employment with Defendant, she has endured sexual harassment and hostility from her superiors within WMATA.

7. In August 2012, Plaintiff met with her supervisor, Joseph Barber, to discuss a bus accident. During that meeting, supervisor Joseph Barber smiled at Plaintiff and said, "you look like you taste good" and talked to her about joining him on a date. Supervisor Barber attempted to use the bus accident to pressure Plaintiff into sexual relations. When she refused his advances, and Supervisor Barber gave Plaintiff a written reprimand for a "preventable minor" accident although she was not at fault.

8. Appalled and shocked, Plaintiff reported this incident to the union shop steward; however, Supervisor Barber continued to harass Plaintiff, indicating that she should "be happy to still have a job." On or about October 31, 2012, WMATA overturned the reprimand.

9. On or about January 28, 2013, Plaintiff sustained work-related injuries and was hospitalized due to a WMATA Metrobus natural gas leak. On January 29, 2013, Plaintiff informed the union about her injuries as well as the harassment by her supervisor.

10. In April 2013, Plaintiff returned to work only to be victimized by a fellow employee who forcefully placed his hands on the Plaintiff against her will. Plaintiff reported this incident to two supervisors but received no response.

11. In December 2013, Plaintiff was transferred to the Montgomery Division. Even with this change, Plaintiff was still victimized by her new supervisor, Paul Hobbs. Supervisor Hobbs inappropriately shared his personal cellular phone number with Plaintiff and subjected her to unwanted physical act acts such as holding and rubbing Plaintiff's hand. Supervisor Hobbs asked Plaintiff why she didn't call to "hook up." Additionally, Plaintiff's supervisor propositioned her for sex and questioned Plaintiff's sexual orientation by saying, "you sure you don't want to be with a man, you don't know what you are missing."

12. Further, from May 2014 through 2015, Plaintiff endured constant sexual advances as Supervisor Hobbs asked for "hook ups" with "no strings attached." He also approached Plaintiff and another employee and recommended that they engage in a "threesome." When Plaintiff returned from a work-related injury in February 2015, Supervisor Hobbs informed her that she "done got thick in the right places." Thereafter, Plaintiff met with other female employees who had also reported Supervisor Hobbs' sexual harassment and advances.

13. On or about July 19, 2015, Plaintiff was involved in a "non-preventable" bus incident. On July 16, 2015, Plaintiff met with Supervisor Hobbs to sign paperwork associated with this incident but was continuously harassed. He again said to Plaintiff, "you don't know what you're missing...come to the other side." When Plaintiff rejected his sexual advances, Defendant retaliated against her by claiming the incident was in fact "preventable" and issued a reprimand.

14. On or about June 29, 2015, Plaintiff's Metrobus sustained a flat tire. The on-duty supervisor determined that Plaintiff was without fault. On July 25, 2015, however, Defendant Hobbs charged Plaintiff with a preventable minor-incident and suspended her for two days.

15. On or about July 27, 2015, Plaintiff, along with her union representative, met with Superintendent Walkup to discuss the above referenced work incidents and subsequent reprimands. Additionally, Plaintiff reported all incidents of sexual harassments. Superintendent Walkup subsequently reversed the preventable-minor charge and noted that other female employees had complained about Supervisor Hobbs' inappropriate conduct.

16. Notably, Defendant WMATA contended that the two-day suspension never effectuated; however, Plaintiff was held out of work for two days and was forced to use personal leave.

17. Due to the stress of and trauma of these incidents, Dr. Copper Lucas of the WMATA Employee Assistance Program placed Plaintiff on Stress Leave and advised her to see a therapist.

18. In December 2015, upon confirmation of these incidents, Defendant WMATA terminated Supervisor Joseph Barber. In February 2016, however, Defendant Hobbs was transferred back to the Montgomery Division with Plaintiff.

19. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because she engaged in the protected activity of voicing her complaints of discrimination and harassment.

## ADMINISTRATIVE PROCEDURE

20. In 2015, Plaintiff filed charges of discrimination, satisfying the requirements of 42 U.S.C. Section 2000(e) with the EEOC in Baltimore, MD. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

21. The EEOC conducted an investigation on both claims. On March 9, 2018, the EEOC determined that it was unable to conclude that the information obtained establishes a violation of the statues.

22. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisite to filing suit.

## CAUSES OF ACTION

### COUNT I
### SEX DISCRIMINATION

23. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

24. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff because of her gender and/or sex in violation of Title VII of the Civil Rights Act of 1964.

25. The acts and volitions of Defendant resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 4 U.S.C. Section 2000e-3.

26. As a direct and proximate result of Defendant unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and has sustained other pecuniary loss.

27. Defendant' discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

28. The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### COUNT II
### RETALIATIATION

29. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

30. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964. Defendant and agents and employees of Defendant, retaliated against Plaintiff after she made reports of discrimination to the EEOC. Plaintiff was retaliated against by unjustly subjecting her to unjust scrutiny, suspensions, and exclusions

31. Defendant has no legitimate reason for any such acts.

32. Defendant's actions demonstrate a direct and casual connection between Plaintiff invoking her constitutional rights and the resulting termination by her employer.

33. Such unlawful practices violate 42 U.S.C. Section 2000e-5(b).

## COUNT IV
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1983

34. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

35. Plaintiff was subjected to adverse and hostile employment conditions at Washington Metropolitan Area Transit Authority due to the actions of Defendant and agents and employees thereof.

36. Defendant unreasonably terminated Plaintiff from her position for unlawful reasons and motivations.

37. The actions of Defendant violate 42 U.S.C. Section 1983 in violation of Plaintiff's rights secured and guaranteed to her by the 1st and 14th Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

38. By Defendant' actions, it shows a direct and casual connection between Plaintiff invoking her constitutional rights and the resulting termination by her employer. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## DAMAGES

39. As a consequence of the forgoing misconduct of Defendant, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

40. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

41. Plaintiff requests that the Court issue the following relief:

    a. Enter declaratory relief declaring that Defendant have engaged in sex discrimination, race discrimination, retaliation, and constitutional violations under 42 U.S.C. Section 1983;

    b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers;

    c. Award Plaintiff attorney's fees, cost and expenses of litigation; and

    d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 6th day of June 2018.

Khadijah Z. Able

CHARLES TUCKER, DC Bar #993515

TUCKER MOORE GROUP, LLP
8181 Professional Place Suite 117
Hyattsville, MD 20785