# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KHADIJAH Z. ABLE,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Case No. 1:18-cv-01372- (KBJ) |
| | : |
| | : |
| **WASHINGTON METROPOLITAN** | : |
| **AREA TRANSIT AUTHORITY** | : |
| | : |
| **Defendant.** | : |
| _____ | : |

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S ("WMATA") STATEMENT OF MATERIAL FACTS NOT IN DISPUTE[1]

1.  Khadijah Able ("Plaintiff") is an African-American female.

2.  Plaintiff was hired as a student bus operator for WMATA on May 29, 2012 and became a full-time bus operator on or about July 22, 2012. [Dkt. 28-2] (Able Dep. 30:1-4).

3.  On July 16, 2012, Plaintiff signed a Certification Statements Checklist acknowledging that she received the WMATA Sexual Harassment Policy Statement. [Dkt. 28-3].

4.  Policy/Instruction 7.1.2 was the Sexual Harassment Policy in effect during the relevant times alleged in Plaintiff's Third Amended Complaint. [Dkt. 28-4].

5.  On July 2, 2014, WMATA's Bus Division ("BTRA") issued a Guide to Determining Preventable Accidents (MAJOR vs. MINOR), which includes hitting a fixed

---

[1] The following facts are undisputed for the purpose of this motion only.

1

object as a type of accident. [Dkt. 28-5].

6.     The Bus Disciplinary Matrix signed by Plaintiff's Union- Local 689 and WMATA - states that the first offense for an accident rated Preventable-Minor within a 365-day period is a written reprimand. [Dkt. 28-6].

7.     The Bus Disciplinary Matrix states that the second offense for an accident rated Preventable-Minor within a 365-day period is a two-day suspension and one day of paid training. [Dkt. 28-6].

8.     On June 19, 2015, Plaintiff was charged with hitting a fixed object with her bus, which was rated Preventable-Minor. [Dkt. 28-7].

9.     Plaintiff received a written reprimand and one day paid training as discipline for the June 19, 2015 accident. [Dkt. 28-7].

10.    On June 29, 2015, Montgomery Bus Division Office Manager Paul Hobbs, attempted to discipline Plaintiff for an accident he declared was Preventable-Minor. [Dkt. 28-8].

11.    Plaintiff initially received a two-day suspension with one day of paid training for the June 29, 2015 accident, but the discipline was overturned by Montgomery Bus Superintendent Terri Walkup. [Dkts. 28-7, 28-8, 28-9, 28-38]; (Able Dep. 85:5-18).

12.    On September 10, 2015, Plaintiff filed an internal complaint of sexual harassment against Paul Hobbs with WMATA's Office of Civil Rights, also known as the Office of Equal Employment Opportunity. [Dkt. 28-11]; (Able Dep. 92:9-16; 100:20-101:15).

13.    On October 27, 2015, Plaintiff filed Charge of Discrimination #531-2015-02031 alleging gender discrimination, race discrimination and retaliation. [Dkt. 28-12].

14. On February 10, 2016, WMATA's Office of Equal Employment Opportunity mailed Plaintiff a letter detailing the results of its investigation into Plaintiff's allegations of sexual harassment against Paul Hobbs and racial discrimination. [Dkt. 28-13].

15. On February 16, 2016, Plaintiff accepted a promotion to Manager, Bus Service Operations, which was a non-representative position. [Dkt. 28-14].

16. On September 21, 2016, Plaintiff signed a letter acknowledging that her Manger, Bus Service Operations position was at-will. [Dkt. 28-15].

17. On or around May 2017, Plaintiff requested an accommodation with WMATA's Office of Fair Practice to "work from 1 pm to 9 pm due to medication taking [sic]. Also will need to drive an updated vehicle (22000-23000). Also work out of same location [sic] Bladensburg Division." [Dkt. 28-16 & 28-17] (Able Dep. 124:1-22; 125:1-4.)

18. On June 16, 2017, Yasmin J. Mitchell, Chair of the Employees with Disabilities Panel for the Office of Fair Practice, responded to Plaintiff's request offering Plaintiff an accommodation that would assign her as a Terminal Manager at the Anacostia location with her requested work hours of 1 pm to 9 pm with Tuesdays and Wednesdays off. [Dkt. 28-18].

19. On February 28, 2018, the EEOC mailed Plaintiff and Plaintiff's then-counsel, the Thatcher Law Firm, LLC, a Right-to-Sue letter for Charge No. 531-2015-02031. [Dkt. 28-19].

20. On March 23, 2018, WMATA's Office of Risk issued a Return-To-Duty Certificate for Plaintiff to return to work without restrictions on March 24, 2018. [Dkt.

28-20].

21.     In an email dated March 24, 2018, Plaintiff acknowledged receipt of the March 23, 2018 Return-To-Duty Certificate. [Dkt. 28-21].

22.     On April 4, 2018, Plaintiff's supervisor, Norman Williams, emailed Plaintiff that "[a]s of Sunday March 25, 2018 you have been AWOL from work…." [Dkt. 28-22].

23.     On April 10, 2018, WMATA's Office of Risk issued a Return-To-Duty Certificate for Plaintiff to return to work without restriction on April 11, 2018. [Dkt. 28-23].

24.     On April 16, 2018, Plaintiff's claim of a recurrence of her October 20, 2014 injury was "not accepted at this time as being work related." [Dkt. 28-24].

25.     On May 2, 2018, Plaintiff's claim of a recurrence of her July 20, 2017 injury was "not accepted as this time as being work related." [Dkt. 28-25].

26.     On May 2, 2018, the District of Columbia Office of Worker's Compensation issued Plaintiff a Memo of Denial of Workers' Compensation based on an IME report "indicating that her current condition is not causally related" and that a "[f]ull duty release has been given." [Dkt. 28-26].

27.     On May 3, 2018, WMATA's Office of Risk issued a Return-To-Duty Certificate for Plaintiff to return to work without restriction on May 4, 2018. [Dkt. 28-27].

28.     On May 3, 2018, Plaintiff was placed on administrative leave as of Thursday May 3, 2018 pending an investigation into her use of leave. [Dkt. 28-28].

29.     On May 3, 2018 at 5:22 pm, ADA Compliance Program Manager Yasmin

Mitchell emails Plaintiff the current ADA Policy and associated forms required to request an accommodation. The email also included instructions for her treating physician to complete the attached Interactive Process Questionnaire. [Dkt. 28-29].

30. On May 4, 2018 at 2:29 pm, Mitchell sent a follow-up email to Able attempting to clear up any confusion Able had about the ADA Interactive Process. [Dkt. 28-30].

31. On May 8, 2018, Assistant Superintendent of Street Operations Norman Williams sent Jewell Bell, Service Director of Bus Transportation, a memorandum with the subject line: "Dismissal Justification" outlining the reasons for recommending Plaintiff's termination. [Dkt. 28-31].

32. On June 1, 2018, Plaintiff was terminated for misconduct under WMATA Policy Instruction 7.8.5/1 due to her "continued absences without leave." [Dkts. 28-32, 28-33].

33. Plaintiff filed the Complaint in this case on June 8, 2018. [Dkt. 1].

> Respectfully submitted,
>
> WASHINGTON METROPOLITAN
> AREA TRANSIT AUTHORITY
>
> */s/ Michael K. Guss*
> Michael K. Guss #465171
> Senior Counsel
> WMATA-COUN
> 600 Fifth Street, N.W.
> Washington, D.C.  20001
> (202) 962-1468
>
> Attorney for WMATA